Action by Nicola Lofrano against the New York & Mount Vernon Water Company for personal injuries sustained by plaintiff while in defendant's employ. Verdict for plaintiff, and from the judgment thereon, and an order denying a motion for a new trial, defendant appeals.

Argued before BARNARD, P. J., and PRATT and DYKMAN, JJ.

Starr & Ruggles, (H. M. Ruggles and Isaac N. Mills, of counsel,) for appellant. Joseph S. Wood, for respondent.

DYKMAN, J. Under the charge of the trial judge in this action, no verdict could be made for the plaintiff, unless the jury found that he was unskilled in the use of dynamite, and did not assume to understand its management, and to be able to conduct the operation of blasting in all its departments. The charge even contains this emphatic language: "If this plaintiff, although he may have been wholly ignorant of the risks of handling dynamite, told this company that he was capable, the law takes him at his word; and, whether he was ignorant or not, he cannot recover for an accident which happened in the course of his employment." The jury having rendered a verdict for the plaintiff, he is before us on this appeal, a man without experience in the use of dynamite, and without a knowledge of the dangers attending its use, and without a profession of such knowledge. In that state he was directed by the foreman of the defendant to warm a quantity of dynamite preparatory to its use, and while in the performance of that duty some of the substance exploded, and caused the injury to the plaintiff for which he seeks compensation in this action. The plaintiff was not employed to perform the services he was directed to discharge on the occasion of his injury, and did not, therefore, assume the risks incident thereto, and such perils were not apparent; neither was any warning given to the plaintiff of the danger accompanying such service, and it was to him unknown. The defendant, therefore, violated the duty it owed to the plaintiff by setting him in a dangerous place, at a perilous service, without warning or admonition or any kind, instead of providing him with a safe place and safe implements, as the law required; and as none of those duties could be delegated to the foreman, so as to exonerate the company, the defendant is liable for the act of the foreman. Pantzar v. Mining Co., 99 N. Y, 368, 2 N. E. Rep. 24.

The foregoing view admits no contribution of negligence by the plaintiff. He obeyed the orders of the foreman, and did no more than was necessary to carry them into execution. Upon the assumption of the safety of the service, he was justified in all that he did; and, as we have seen, if there was danger lurking around the service and incident thereto, he was entitled to warning, which he did not receive.

Neither can he be defeated because he assumed the risk of the service. As the danger was not open and apparent to him with his knowledge, he assumed only the risks incident to the service after the defendant had used proper care and caution for his safety and preservation, and, as we have also seen, the company failed in the performance of that duty which the law cast upon them.

Many objections and exceptions are presented by the record, both to the rulings and charge of the trial judge, but they disclose no error. The judgment and orders denying the motion for a new trial should be affirmed, with costs.

---

*In re* UNION AVE.

(*Supreme Court, General Term, Second Department.* February 10, 1890.)

HIGHWAYS—ESTABLISHMENT.

 On proceedings to lay out a highway, where its necessity is admitted, and the commissioners of highways have certified in favor of a route that will make a di-

rect line with the highway with which it will connect, and to which route only one of the owners through whose land it will pass objects, an order of the county judge confirming the decision of the commissioners will be affirméd, though another route proposed by contestant would be somewhat less expensive.

Motion to confirm report of commissioners.

The commissioners of highways of Suffolk county, on application, certified to the county judge that the public interest would be greatly promoted by the extension of Union avenue in Bay Shore. They certified in favor of a route which will run through three houses. The necessity of the extension was not contested, but it was claimed by the contestant that another route offered by him was as good, and cheaper. The value of the land on the route certified by the commissioners and that proposed by the contestant is practically the same; and the only difference in cost is the expense of moving the buildings, which would be $900 less on contestant's route. However, the route certified by the commissioners will make a direct continuation eastward of Union avenue, while that proposed by contestant will make a zigzag course. All the owners through whose land the road will pass, with but one exception, are satisfied with the commissioners' route. The county judge affirmed the decision of the commissioners, and the matter is now presented to the general term, in accordance with Laws N. Y. 1873, c. 773, which provides: "If the county judge shall affirm the decision of said commissioners, they shall present the order of the county judge for confirmation to the supreme court, at a general term, in the judicial department in which such premises are situated."

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Elliott J. Smith*, for applicant.

DYKMAN, J. The commissioners of highways of the town of Islip, in Suffolk county, made a certificate in favor of a new highway in Bay Shore, in that county, and presented the same to the county judge for affirmance, and that officer affirmed the decision of the commissioners, with a slight modification. That order of the county judge is now presented for confirmation to the supreme court at general term, under the provisions of chapter 773 of the Laws of 1873, and we find no reason for disagreement with the local authorities respecting the contemplated improvement, and the order of the county judge is therefore confirmed.